UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC MCCANTS, #726088,

        Petitioner,

                                    CASE NO. 2:13-CV-14590
v.                                      HONORABLE NANCY G. EDMUNDS

LLOYD RAPELJE,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Eric McCants ("Petitioner") was convicted of three counts of armed robbery, MICH. COMP. LAWS § 750.529, and one count of resisting arrest, MICH. COMP. LAWS § 750.81d(1), following a jury trial in the Macomb County Circuit Court. He was sentenced as a second habitual offender, MICH. COMP. LAWS § 769.10, to concurrent terms of 15 years to 23 years 5 months imprisonment on the armed robbery convictions and a concurrent term of 1 to 3 years imprisonment on the resisting arrest conviction in 2011. In his petition, he raises claims concerning the use of leg shackles during trial, the trial court's denial of a jury request to view the crime scene, the effectiveness of trial counsel, and the trial court's ruling that he could be impeached with a prior conviction if he testified at trial. For the reasons set forth herein, the Court denies with prejudice the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II.    Facts and Procedural History**

Petitioner's convictions arise from the robbery of three girls in Detroit, Michigan on September 10, 2010. The Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir.2009), as follows:

> On the evening of September 10, 2010, three men approached four twelve-year-old girls who were walking down the street. One of the girls was able to escape, but a man in a burgundy hooded sweatshirt pulled out a gun, ordered the other girls to the ground, and took their book bags.
>
> Minutes later, a deputy alerted nearby officers to look for a man in a burgundy hooded sweatshirt accompanied by two other men. A plain-clothes officer near the scene of the crime spotted the three men. He approached the men and identified himself as a police officer, but they fled. Shortly thereafter, the police officer apprehended defendant who, at that time, had no shirt on even though the temperature outside was around 50 degrees. Officers found a burgundy sweatshirt, a starter pistol, and several book bags near the area. One of the girls identified defendant at the scene and told the officers that he had worn0 the discarded sweatshirt during the armed robbery.

*People v. McCants*, No. 303454, 2012 WL 1890234, *1 (Mich. Ct. App. May 24, 2012) (unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims presented on habeas review. The court affirmed Petitioner's convictions and sentences. *Id.* Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same issues, which was denied in a standard order. *People v. McCants*, 493 Mich. 893, 822 N.W.2d 585 (2012).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I. He was deprived of his due process right to a fair trial and the court abused its discretion when he was forced to wear leg shackles throughout trial.

II. The trial court erred in denying the jury's and the defense's requests for the jury to view the crime scene.

III. He was deprived of his right to due process and the effective

        assistance of counsel due to counsel's failure to object in two instances: (1) the court's reasoning for shackling and (2) the in-court identification of him.

    IV.    The trial court abused its discretion in ruling that the prosecution could impeach him under Michigan Rule of Evidence 609.

Respondent has filed an answer to the petition contending that it should be denied because the first claim is barred by procedural default and all of the claims lack merit.

### III.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, provides the standard of review for federal habeas cases brought by state prisoners. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies

3

the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

4

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court" and quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). While the requirements of "clearly established law" are determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

**IV.   Analysis**

5

### A. Procedural Default

As an initial matter, Respondent contends that Petitioner's first claim is barred by procedural default. It is well-settled, however, that federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The United States Supreme Court has explained the rationale behind such a policy: "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the procedural issue is intertwined with the merits of Petitioner's issues and the substantive issues are simpler to resolve. Accordingly, the Court shall proceed to the merits of Petitioner's claims.

### B. Merits

#### 1. Shackles

Petitioner first asserts that he is entitled to habeas relief because the trial court denied him due process and abused its discretion by requiring him to wear leg shackles throughout his trial. The Michigan Court of Appeals denied relief on this claim finding that Petitioner failed to object at trial, that the shackles were not visible to the jury and could not have affected the verdict, and that an evidentiary hearing was not required because any error in the use of shackles was harmless beyond a reasonable doubt due to the overwhelming evidence of Petitioner's guilt presented at trial. *McCants*, 2012 WL 1890234 at *1-2.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The United States Supreme Court

has recognized that due process precludes the use of visible physical restraints upon a defendant "absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." *Deck v. Missouri*, 544 U.S. 622, 629 (2005) (citing *Holbrook v. Flynn*, 475 U.S. 560, 568-69 (1986); *Illinois v. Allen*, 397 U.S. 337, 343-44 (1970)). Shackles may be used upon a defendant at the trial court's discretion to prevent escape, for security in the courtroom, and to maintain order during trial. *See, e.g., Kennedy v. Cardwell*, 487 F.2d 101, 105 -07 (6th Cir. 1973). When a court, "without adequate justification, orders the defendant to wear shackles that will be seen by the jury, the defendant need not demonstrate actual prejudice to make out a due process violation. The State must prove 'beyond a reasonable doubt that the [shackling] error complained of did not contribute to the verdict obtained.'" *Deck*, 544 U.S. at 634 (citing *Chapman v. California*, 386 U.S. 18, 24 (1967)).

In this case, there is no evidence in the record to suggest that Petitioner's leg shackles were visible to the jury. To the contrary, the trial court ensured that Petitioner was seated in a certain position so that his "leg irons" would not be seen. *See* 1/4/11 Trial Tr., p. 3. Because Petitioner's leg shackles were not visible to the jury, he is not entitled to habeas relief under *Deck*. *See Mendoza v. Berghuis*, 544 F.3d 650, 651, 654-55 (6th Cir. 2008) (denying habeas relief under similar circumstances); *Bachynski v. Warren*, _ F. Supp. 3d _, 2015 WL 1469207, *12 (E.D. Mich. March 30, 2015). Moreover, even if the shackling was improper, Petitioner is still not entitled to relief because the Court agrees with the Michigan Court of Appeals that, beyond a reasonable doubt, any error in the use of shackles did not contribute to the verdict. The evidence against Petitioner was overwhelming. Habeas relief is not warranted on this claim.

    **2.**    **Jury View of Crime Scene**

Petitioner next asserts that he is entitled to habeas relief because the trial court erred in denying a juror's and the defense's request to allow the jury to view the crime scene. The Michigan Court of Appeals denied relief on this claim finding that the trial court acted within its discretion in denying the requests because maps introduced at trial were sufficient to give the jury an understanding of the events and nothing would be gained from an in-person viewing of the scene. *McCants*, 2012 WL 1890234 at *2.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. State court judges in Michigan have discretionary authority to permit juries to view crime scenes. *See* Mich. Comp. Laws § 768.28; Mich. Ct. R. 6.141(F); *People v. Pizzino*, 313 Mich. 97, 20 N.W.2d 824 (Mich. 1945). Petitioner's claim amounts to a challenge to a state law evidentiary ruling. It is well-established, however, that alleged trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, are generally not cognizable as grounds for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). "Trial court errors in state procedure or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *McGuire*, 502 U.S. at 69-70); *see also Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (citing *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007)); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

No such error occurred in this case. The trial court acted within its discretion under state law. Moreover, Petitioner fails to allege facts which show that an in-person view of

the crime scene was essential to his defense or the jury's understanding of the evidence. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis for an evidentiary hearing on habeas review). The trial court's denial of the requests to view the crime scene did not violate state law nor deny Petitioner a fundamentally fair trial. Habeas relief is not warranted on this claim.

### 3. Effectiveness of Trial Counsel

Petitioner also asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to request that the trial court state its reasons for shackling him during trial and for failing to object to one victim's in-court identification of him as one of the perpetrators of the crime.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

9

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id*. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

The Michigan Court of Appeals denied relief on this claim essentially finding that Petitioner could not establish that he was prejudiced by counsel's conduct. As to the

10

shackling portion of the claim, the court found that there was no evidence that Petitioner's shackles were visible during trial and that the evidence against him was overwhelming. *McCants*, 2012 WL 1890234 at *2. As to the identification portion of this claim, the court determined that there was an independent basis for the victim's identification - her recollection of the crime, that Petitioner fit the victim's original description, and that the victim was certain in her identification. Additionally, the court noted that the other evidence against Petitioner was overwhelming. *Id.* at *3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner fails to demonstrate that he was prejudiced by trial counsel's conduct. As explained by the Michigan Court of Appeals, the leg shackles were not visible to the jury, the witness's in-court identification was reliable and supported by an independent basis, and the evidence of Petitioner's guilt was overwhelming. Because Petitioner cannot demonstrate prejudice, he fails to establish that trial counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

### 4. Impeachment

Petitioner also asserts that he is entitled to habeas relief because the state trial court abused its discretion in ruling that the prosecution could impeach him under Michigan Rule of Evidence 609. The Michigan Court of Appeals denied relief on this claim finding that the trial court's decision that Petitioner could be impeached with his prior conviction for home invasion with intent to commit a theft "fully conformed with the requirements of MRE 609" and was not an abuse of discretion. *McCants*, 2012 WL 1890234 at *4.

The state court's denial of relief is neither contrary to Supreme Court precedent nor

an unreasonable application of federal law or the facts. Petitioner is not entitled to relief on his claim that the trial court violated the Michigan Rules of Evidence. As discussed, *supra*, it is well-established that federal habeas review is not available to correct perceived errors of state law. *Estelle*, 502 U.S. at 67-68. Moreover, Petitioner fails to establish that the trial court's ruling was fundamentally unfair. To be sure, the Supreme Court has not held that the admission of a defendant's prior convictions for impeachment purposes is unconstitutional. *See, e.g., Dothard v. MacLaren*, No. 13-15217, 2015 WL 470585, *19 (E.D. Mich. Feb. 3, 2015) (adopting magistrate judge's report and discussing cases).

Moreover, because Petitioner did not actually take the stand, the question of the admissibility of his prior conviction for impeachment purposes is not preserved for appellate review because any possible harm is speculative. *Luce v. United States*, 469 U.S. 38, 41-43 (1984). Federal courts have applied *Luce* to bar federal habeas corpus review of allegedly erroneous rulings regarding the admissibility of prior convictions for impeachment purposes in cases where the petitioner chose not to testify. *See, e.g., Zueski v. Grayson*, 81 F. App'x. 849, 850 (6th Cir. 2003); *Turner v. Curtin*, No. 2:07-Cv-12739, 2011 WL 740753, *5 (E.D. Mich. Feb. 24, 2011) (citing cases). Habeas relief is not warranted on this claim.

### V.  Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). When a court relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having conducted the requisite review, the Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal because an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a). This case is closed.

    **IT IS SO ORDERED**.

                                    s/ Nancy G. Edmunds
                                    NANCY G. EDMUNDS
                                    UNITED STATES DISTRICT JUDGE

Dated: May 28, 2015